IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SALVATORE M. BOMBARDIERE, SR.,**

    **Plaintiff,**

v.                                       **CIVIL ACTION NO. 1:13cv172**

**RYAN ENVIRONMENTAL, LLC,
CLAYTON RICE, JAMES CAVA,
AL ANDERSON, JESSICA EDDY,
JOHN KOON, HUNTER WAYNE REED,
JOSEPH BRUNNER, MARVIN HAROLD, and
UNKNOWN BOARD MEMBERS OF
RYAN ENVIRONMENTAL LLC,**

    **Defendants.**

## ORDER/OPINION

Plaintiff, Salvatore M. Bombardiere, Sr., *pro se*, filed a Complaint in this matter on July 19, 2013 [D.E. 1]. On the 23rd day of July 2013, this action was referred to the undersigned by the District Judge [D.E. 14]. On August 13, 2013, the defendants filed a Motion for Protective Order [D.E. 43]. In their Motion, Defendants request the Court order that the discovery in this case served by the plaintiff is premature and that they need not respond to the discovery until further directed by the Court.

The Court notes that Plaintiff has filed a document entitled "Initial Conference" [D.E. 27] which states that he wishes to expedite the discovery process and shorten the time frame to trial if needed. He suggests the parties agree on an early date without the Court ordering the Parties to do so at a Scheduling Conference. Plaintiff contends: "This meeting will also serve to show the Court both parties [sic] interest to resolve the issue's [sic] before the Court." Clearly, however, Defendants do not agree to this procedure. This filing does not provide Plaintiff with the right to unilaterally begin serving discovery requests.

The Court further finds Defendants filed a "Motion to Dismiss," arguing in part that this Court does not have subject matter jurisdiction. Plaintiff has filed his Response to that Motion. The time for filing a Reply, if any, has not yet passed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion asserting lack of jurisdiction or insufficient service of process must be made before pleading, and Defendants have done so. Under Rule 12(h)(3):

> If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

This filing further dictates that no discovery be conducted pending a resolution of the motion.

Subsequent to the Court's scheduling a hearing on Docket Entry 43, Defendants filed a second Motion for Protective Order [D.E. 48]. Plaintiff has not yet responded to that motion and the time has not passed for such a response. In the Motion, Defendants assert that Plaintiff has been seeking discovery from non-party family members of Defendants. Plaintiff at the hearing denied having done so. Because the Court has already found discovery to be premature in this matter, any such discovery is also clearly premature. As provided in Rule 26(d)(1), "a party may not seek discovery ***from any source***" prior to the Rule 26(f) conference. (Emphasis added). Plaintiff is therefore prohibited from seeking discovery from any source prior to further order of the Court.

On August 21, 2013, came the plaintiff, *pro se*, and came the defendants through their counsel for hearing on the Motions for Protective Order. The Court heard the representations of counsel for Defendants and of the Plaintiff. No evidence was taken.

Based on the filings and in court representations made by Defendants' counsel and Plaintiff, the court finds:

1) A review of the docket confirms, that Plaintiff served Discovery Requests on the defendants on August 5, 2013 [D.E. 28, 29, 30, 31, 32, 33, 34, 35, 36].

2) Plaintiff admitted on the record and the docket confirms that he served discovery on defendants [DE 28, 29, 30, 31, 32, 33, 34, 35, 36] without a Rule 26(f) planning meeting having been conducted.

3) Plaintiff admitted on the record and a review of the docket confirms that Plaintiff served discovery on Defendants without an order from the Court authorizing discovery.

4) The subject civil action is not exempt under F.R.Civ.P. 26(a)(1)(B).

5) Defendants filed a F.R.Civ.P. 12(b)(6) and 12(h)(3) motion to dismiss for lack of subject matter jurisdiction which has not yet been ruled on by the Court.

6) Defendants are represented by counsel of record.

7) Plaintiff is representing himself.

8) Someone has been placing copies of the civil complaint filed by Plaintiff in this action and/or copies of the discovery Plaintiff admits serving on counsel for Defendants in the mailboxes or porches and/or on the windshields of vehicles of some Defendants and/or their family members.

9) Someone placed a copy of the discovery with a note for "Jill Cranston Rice" in her mailbox at 2045 Natalie Drive, Bridgeport, West Virginia. Jill Cranston Rice is the non-party wife of the a defendant in this case.

10) Plaintiff admits to being in the vicinity of the home of Jill Cranston Rice but claims he was sent to the wrong address and wrong area to look at a prospective job.

11) Plaintiff admits asking the police to go to the Marion County home in which one Defendant[1] and her mother reside on Saturday, August 17, 2013 to inquire if they were "ok" because he had received reports from his neighbors of gunshots near his Harrison County home during Friday, August 16, 2013. Plaintiff is unable to point to any immediate connection between the

---

[1] Plaintiff identified this Defendant as a former girl or lady friend.

alleged report of gunshots and his asking police to check on his former lady friend located in another county.

Federal Rule of Civil Procedure 26(d)(1) provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The Court concludes:

1) Pursuant to the rule, Plaintiff's discovery requests are premature.

2) Defendants and their counsel are not required to respond to Plaintiff's discovery requests.

3) Plaintiffs discovery requests filed prior to August 21, 2013 should be stricken.

4) Plaintiff's contact or attempted direct and indirect contact with Defendants except by contact with Defendants' counsel of record, Larry Rector, is inappropriate.

Defendants' Motion for Protective Order [D.E. 43] is **GRANTED**.

Defendants' Motion for Protective Order [D.E. 48] is also **GRANTED**.

Accordingly, Plaintiff's discovery requests served prior to this order are stricken. Those persons served with such discovery, parties or not, and counsel for Defendants are directed not to respond to the same.

Plaintiff is prohibited from any further attempt to file or serve discovery requests on counsel for Defendants, Defendants or on any other source, whether party or non-party, without an order from the Court permitting discovery to proceed.

Plaintiff is prohibited from pursuing any of the discovery requests he has heretofore made in this action.

The parties are to communicate through counsel. Plaintiff, acting as his own counsel, is to communicate with the defendants only through their counsel. Likewise, the defendants are only to

communicate with the plaintiff through their counsel. There is to be no contact, direct or indirect, between the plaintiff and the defendants, except through counsel.

The Clerk is directed to remove DE 43 and DE 48 from the docket of motions actively pending before the Court.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record and to Plaintiff by certified mail at 1515 Hoffman Avenue, Clarksburg, WV 26301.

DATED: August 21, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE