IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SALVATORE M. BOMBARDIERE, SR.,**

    **Plaintiff,**

**v.                 //        CIVIL ACTION NO. 1:13CV172**
                                    **(Judge Keeley)**

**RYAN ENVIRONMENTAL, LLC,
CLAYTON RICE, JAMES CAVA,
AL ANDERSON, JESSICA EDDY,
JOHN KOON, HUNTER WAYNE REED,
JOSEPH BRUNNER, MARVIN HAROLD,
and UNKNOWN BOARD MEMBERS OF
RYAN ENVIRONMENTAL, LLC,**

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 58], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 37] WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 49] AS MOOT

Before the Court is the Opinion and Report and Recommendation ("R&R") (dkt. no. 58) of Magistrate Judge John Kaull recommending that the Court grant the defendants' motion to dismiss (dkt. no. 37), and deny the plaintiff's motion for summary judgment (dkt. no. 49). For the following reasons, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the motion to dismiss **WITH PREJUDICE**, and **DENIES** the motion for summary judgment as **MOOT**.

**I.**

On July 19, 2013, the plaintiff, Salvatore M. Bombardiere ("Bombardiere"), proceeding pro se, filed a complaint against Ryan Environmental, LLC ("Ryan") and several of its employees and board

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.                 1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

members (collectively, the "defendants"). Although it cites to no specific federal law and is often difficult to discern, the complaint seems to allege a wrongful termination claim against the defendants. As relief, Bombardiere seeks $10 million in damages, a cease and desist order on "any and [a]ll activity/work on going by Ryan Environmental, LLC, Subsidiaries and Parent Company," and a court investigation into the hiring and firing practices of Ryan.

On August 6, 2013, the defendants filed a motion to dismiss the complaint (dkt. nos. 37 and 38), in which they argue that the complaint fails for lack of subject-matter jurisdiction and defective service of process. On August 15, 2013, Bombardiere responded to the motion (dkt. no. 46) (and also included a motion for a restraining order against the defendants), in which he asserts a federal question jurisdiction under 28 U.S.C. § 1331, and cites a number of federal constitutional provisions and statutes that are never mentioned in the complaint.[1] The defendants filed their reply (dkt. no. 53) on August 22, 2013, maintaining this

---

[1] In an attempt to confer federal question jurisdiction, Bombardiere also cites foreign regulations and statutes. See Resp. Br. at 9 (citing Personal Protective Equipment at Work Regulations, 1992, S.I. 1992/2966 (U.K.); Health & Safety at Work Act, 1974, c. 37, § 9 (U.K.)). It goes without saying that federal question jurisdiction cannot be premised on foreign laws.

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.**                 **1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

Court has no jurisdiction and that service also was improper. Bombardiere then filed a motion for summary judgment (dkt. no. 49) on August 21, 2013.

The Court referred the matter to Magistrate Judge Kaull (dkt. no. 14), to "consider the record and do all things proper to rule on any motions filed in this case." Magistrate Judge Kaull issued his R&R on September 20, 2013, in which he concluded that subject-matter jurisdiction is lacking and that Bombardiere failed to serve properly the defendants. He, therefore, recommended that the Court grant the defendants' motion to dismiss and deny Bombardiere's motion for summary judgment. Bombardiere timely filed objections to the R&R on October 4, 2013, attacking the conclusion that the Court lacks federal question jurisdiction, the granting of the defendants' motion to dismiss, and the denial of Bombardiere's motion for summary judgment.

Where objections have been timely filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). As noted, Bombardiere has challenged three distinct aspects of the R&R; however, "when a federal court concludes that it lacks subject-matter jurisdiction,

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.                      1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 515 (2006). Therefore, the Court must establish subject matter jurisdiction before addressing any other issues in the case. If jurisdiction is lacking, the Court must dismiss the complaint.

## II.

In March 2011, Ryan hired Bombardiere to work in the company's environmental, construction, and geo departments. Pl.'s Compl. 1, July 19, 2013, Dkt. No. 1. By the beginning of 2012, Bombardiere's colleagues had all left to work in the oil and gas industry, and the manager, Al Anderson, hired a new staff that included defendants Joseph Brunner (safety director), Marvin Harold (utility foreman), Hunter Reed (environmental scientist), and Jessica Eddy (environmental scientist). Id. at 2. According to Bombardiere, all the new employees were sent to training classes where they obtained various licensures, but he was never offered similar opportunities. Id.

Allegedly, Ryan's preferential treatment toward the new employees extended beyond personnel training. The complaint outlines twelve instances of purported misconduct - for example, a DUI while operating a Ryan vehicle by Bombardiere's co-workers that

4

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.            1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

went unpunished. Id. at 2-3. The complaint also sets forth thirty-four communications from and among Bombardiere's colleagues beginning on October 20, 2012, and continuing until his termination on July 12, 2013, that allegedly demonstrate "a conspiracy to wrongfully terminate [Bombardiere]." Id. at 3-8. As relief, Bombardiere seeks $10 million in damages, a cease and desist order on "any and all activity/work on going by Ryan," and an investigation into Ryan's hiring and firing practices.

### III.

As it must the Court turns first to whether it has subject-matter jurisdiction over this case. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citzenship' jurisdiction." Arbaugh, 546 U.S. at 501. In their motion to dismiss, the defendants attack the complaint pursuant to both § 1331 and 1332. Magistrate Judge Kaull addressed both grounds in his R&R and concluded that subject-matter jurisdiction does not exist under either theory.

In his objections to the R&R, Bombardiere attacked the R&R only on § 1331, federal question jurisdiction grounds. See Pl.'s

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.**                    **1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

Objections 1, Oct. 4, 2013, Dkt. No. 61. Therefore, the Court will review Magistrate Judge Kaull's alternative diversity analysis under a clear error standard, see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), while applying a de novo standard of review to the issue of federal question jurisdiction.

### A. Diversity Jurisdiction

The R&R notes that Bombardiere's demand for $10 million far exceeds the $75,000 threshold for diversity jurisdiction under § 1332. As the R&R explains, however, Bombardiere failed to meet his burden of demonstrating complete diversity. Bombardiere is a West Virginia resident, as is at least one, if not all, of the Defendants. To satisfy the requirements of complete diversity, Bombardiere must allege that none of the eight individually named defendants, none of the members of Ryan, and none of the Ryan directors included as defendants were West Virginia residents. Magistrate Judge Kaull correctly determined that Bombardiere failed to make the necessary allegations to support diversity jurisdiction, and the Court finds no clear error.

### B. Federal Question Jurisdiction

28 U.S.C. § 1332 grants district courts subject-matter

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.**         **1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "This provision for federal question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Furthermore, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). That said, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Thus, although Bombardiere's complaint fails to cite any federal law supporting federal question jurisdiction, the Court shall consider the laws cited in his response brief.

In his brief, Bombardiere first cites 18 U.S.C. § 241, which is a criminal statute prohibiting persons from conspiring to restrict the civil rights of others. "[B]ecause § 241 is a criminal statute that does not give rise to civil liability, the complaint does not state a claim arising under § 241 and therefore the Court's federal question jurisdiction cannot be premised on this statute." Jamali v. Maricopa Cnty., No. CV13-613, 2013 WL

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.                    1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

2370611, at *2 (D. Ariz., May 29, 2013).

Bombardiere next cites the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as bases for federal question jurisdiction. "To the extent [Bombardiere's] complaint can be interpreted as stating a cause of action based directly on the First Amendment, such a claim would be too insubstantial to invoke federal question jurisdiction because the First Amendment does not apply to private employers [such as Ryan]." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 n.5 (4th Cir. 2004). Likewise, neither the Fourth Amendment, see Elliot v. Chrysler Fin., 149 F. App'x 766, 768 (4th Cir. 2005), Fifth Amendment nor Fourteenth Amendment, see Westmoreland v. Pleasant Valley Hosp., Inc., No. 3:08-1444, 2009 WL 1659835, at *2-3 (S.D.W. Va., June 12, 2009), applies to private companies not acting under color of state law. Therefore, the Court finds no basis for federal question jurisdiction in the Constitution.

Finally, Bombardiere asserts federal question jurisdiction implicitly under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and explicitly under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111,

8

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.            1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

et seq. With regard to alleged age discrimination, Bombardiere argues that he was "a noted member of the Geo Department over the age of fifty." Pl.'s Resp. Br. 6, Aug. 15, 2013, Dkt. No. 46. Bombardiere also claims national origin discrimination as "the only male of Italian/Latino descent," id., and disability discrimination based on his "anxiety, exhaustion, and depression," id. at 9.

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (citing King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976)). Moreover, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis v. North Carolina Dep't of Corrs., 48 F.3d 134, 138-40 (4th Cir. 1995)). "The same is true of claims made under the ADEA," Jones, 551 F.3d at 300-01 (citing Vance v. Whirlpool Corp., 707 F.2d 483, 486-89 (4th Cir. 1983)), as well as ADA claims, see Snead v. Board of Educ. of Prince George's Cnty., 815 F. Supp. 2d 889, 895 (D. Md. 2011). As well documented in the R&R, Bombardiere never brought any charges

**BOMBARDIERE V. RYAN ENVIRONMENTAL, LLC, ET AL.**                    **1:13CV172**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

before the EEOC, and thus failed to exhaust his administrative remedies. This Court therefore lacks jurisdiction to determine his federal discrimination claims on the merits.

**IV.**

For the reasons discussed, the Court concludes that it lacks subject-matter jurisdiction over the complaint and **ADOPTS** the R&R in its entirety, **GRANTS** the defendants' motion to dismiss **WITHOUT PREJUDICE**, **DISMISSES** Bombardiere's motion for summary judgment as **MOOT**, and **DIRECTS** the Clerk to remove this case from the active docket of Court.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to mail a copy to the pro se plaintiff, certified mail, return receipt requested.

Dated: December 13, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE